_____FILED        _____ENTERED
_____LODGED      _____RECEIVED

JUN 20 2019 SP

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                          DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRIC OF WASHINGTON
AT SEATTLE

GENE PALMER,                              )
                                         )        No. **19 CV 00961**
              Plaintiff,                 )                        RAJ
                                         )
v.                                       )        COMPLAINT FOR DAMAGES
                                         )        DEMAND FOR JURY
TIENNEY MILNOR, HER HUSBAND              )
AND THEIR MARITAL COMMUNITY,             )
MELANIE TRATNIK, HER HUSBAND             )
AND THEIR MARITAL COMMUNITY,             )
STATE OF WASHINGTON, OFFICE OF           )
ATTORNEY GENERAL, DEPARTMENT             )
OF LABOR AND INDUSTRIES,                 )
LABORERS' INTERNATIONAL                  )
UNION OF NORTH AMERICA                   )
LOCAL 292, AND DISTRICT COUNCIL          )
OF LABORERS WASHINGTON AND               )
NORTHERN IDAHO                           )
                                         )
                                         )
                                         )
              Defendants.                )


_____)


1

## I. PARTIES

1.1   Plaintiff Gene Palmer is a resident of Washington.

1.2   Tienney Milnor, her husband and marital property, are residents of the State of Washington, and she is an Attorney at the Washington State Office of Attorney General representing the Department of Labor and Industries, and she knew or reasonably should have known that the acts or omissions herein complained of violate the law and my rights.

1.3   Melanie Tratnik, her husband and marital property are residents of the State of Washington, and she is an Attorney at the Washington State Officer of Attorney General representing the Department of Labor and Industries, and she is Attorney Tienney Milnor's supervisor, and she knew or reasonably should have known that the acts or omissions herein complained of violate the law and my rights.

1.4   The office of Attorney General is a department within the government of the state of Washington.

1.5   The department of labor and industries is a department within the government of the state of Washington.

1.6   LABORERS' INTERNATIONAL UNION OF NORTH AMERICA LOCAL 292 is located in the state of Washington.

2

1.7 DISTRICT COUNCIL OF LABORERS WASHINGTON AND NORTHERN
IDAHO is located in Washington.

1.7 All acts of individual defendants were committed on or
behalf of their marital community.

## II. Jurisdiction

2.1 Jurisdiction and venue is proper in the Western
District Court of Washington pursuant to 42 USC 1983;
28 USC 1343 (1)(3); and 28 USC 1367 (a).

## III. Facts and Claims

The crux of the matter is that Snohomish County's
involvement to pursue and collect on L and I claims against
Mr. Palmer and his general bankruptcy and ruination of his
credit violate the bankruptcy stay and discharge and such
activities and his constitutional rights.

The debt that L and I was collecting on through Snohomish
County Superior Court was for an L and I liability
already earlier discharged in my bankruptcy and also
barred by the US Constitution prohibition against
double jeopardy because it was already litigated and

3

dismissed with prejudice in Seattle Municipal Court in 2006 and I was released from jail 4 hours later.

Bankruptcy Judge Glover converted my Chapter 13 to a Chapter 7 and discharged my debts, including this one. Then the State of Washington simply moved north and brought the L&I claim again in Snohomish County Superior Court without informing the court of the prior dismissal with prejudice.

Snohomish County arrested me they broke my jaw in three places and put me in solitary confinement for three months until I could get a phone call out to a federal judge: the Honorable Karen Overstreet, who immediately got me released, as this has already been discharged. I do not want to die at the hands of the sheriff and jailer over $18,000 that was already discharged in bankruptcy.

These are the additional documents that were intentionally withheld by the Attorney General's Office not only from this bankruptcy case but also from the Snohomish County criminal case which was the basis of this adversary proceeding. This is about L and I seeking restitution on the charge of False Reporting regarding an overpayment. The L and I case was brought in Seattle Municipal Court, City

COMPLAINT-4

of Seattle v. Gene Palmer X277763 and X563970, and was dismissed on 5/25/06 with prejudice, the court no longer having any jurisdiction, as ruled therein. On Christmas Eve, 2007, I was yanked out of my car at gun point and placed in jail by the Snohomish County Prosecutor's office and charged with the same charge as in the dismissed L and I restitution case. This had already been dismissed with prejudice on 5/25/2006. This nightmare started after my bankruptcy was filed and in violation of the automatic stay.

The State of Washington and Snohomish County should be determined to be liable for damages to me, because the underlying Snohomish County case is void, contrary to my constitutional protections against double jeopardy, and in violation of the automatic stay.

L & I was discharged twice with J. Glover, chapter 13 converted to 7 And with J. Overstreet.

Judge Glover made L & I give back all the money in the first bankruptcy.

I am grandfathered in from Judge Glover's discharge and Judge Overstreet's discharge.

5

Snohomish County does not have the authority to alter or change or overrule the other judge's final decisions in Seattle Municipal Court and Bankruptcy Court that were never timely or otherwise appealed by L & I.

L & I took $2,700 of social security from me by garnishing it contrary to bankruptcy discharge and this must be returned.

I have a claim against L&I for interfering with my union years ago to get me fired from jobs and I have claims against L&I for interfering with Snohomish jail to have me put in isolation.

I filed a Chapter 13 under case 08-10112, and I identified Labor and Industries as a claimant in this case. I subsequently obtained a Chapter 13 discharge, and notice of this discharge was mailed to the Washington Department of Labor and Industries. I contend that any monies owed to the Washington Department of Labor and Industries is discharged if incurred prior to the commencement of my bankruptcy Plan.

6

I was out on a job when my employer informed me that I needed to go to pay my union dues. So I went to Everett to pay these dues, after paying my dues the secretary, Jaime Clark, gave me a copy of a business card for Labor & Industries for Francis Leaman. [See Exhibit D for L&I Union documents involved]. I asked what this was about, she told me that I might want to contact them since he said I was collecting Labor and Industries and working at the same time, when I wasn't. I told Jaime that my paychecks go directly to the bankruptcy court every Friday and they take out their fees and then every Monday I pick up what is left. I was cut off of Labor and Industries back when I went to jail in December 2003, and I haven't gotten any checks from them since.

On the following Monday I was scheduled to take my flagger's recertification class in Kingston, WA. Around noon that day one of the secretaries came and found me and told me that the president of the union wanted to see me in his office. When I arrived in his office, I was asked by two deputy sheriffs if I knew who Francis Leaman is. I told them that it did not ring a bell. They had him in the back of their patrol car, because he had approached one of the

7

secretaries with a phony subpoena signed by a state
employee. He was trying to obtain all my employment records
from the training center. Mr. Leaman was not aware that the
woman's husband is a judge, and she knew the difference
between a warrant and a subpoena. This bogus subpoena was
signed by only a state employee [was not signed by an
attorney or a judge, or a court clerk.] She called 911, and
the police came and investigated. In order to obtain a
warrant you need to have probable cause and have it signed
by a judge. Mr. Leaman didn't have the authority to get my
records. After this, he tried to pass on this subpoena to
the Local in Everett and they fell for it, gave him all my
information, and it was signed by abank employee. He went
from Kingston to Everett to get the Union to collude with
him; he continued calling on regular basis.

Mr. Leaman tried the same thing at Local 292, my union, and
they were not aware of the situation and gave up my private
information without a warrant. That violates my 4th
Amendment right to illegal search and seizure. Dan
Kristofferson (union representative) was calling Mr. Leaman
and informing him where I would be working on that day. Dan
Kristofferson told the federal investigator (see below)
that, Secretary Jamie Clark of the Union was the one

8

calling L&I, but she had nothing to do with it. The criminal complaint in the L&I theft case states that Leaman received the call from Dan at 9:00 in the morning after I was sent out on a job by dispatch & would do this every time I was sent out, saying I was out working. They worked together to send me out on jobs to prove I was working and then get me fired daily. Dan and the union went so far as to even give me $20 for gas and lunch to go to a job site because he knew I did not have it as I was not working.

Because I was being harassed by this man from Labor and Industries who would show up at my jobsite, I was continually told that I wasn't eligible for rehire. Whenever he showed up, he would tell my employer I was collecting welfare and working at the same time; at end of day, I called into office and was informed they no longer needed my services, and to report back to my local union; they forwarded a letter to the union that I am not eligible for rehire because I was voluntarily giving out personal information, they caused me to be terminated. Department of Mr. Leaman and Kristofferson conspired to violate my constitutional protection under color of law with criminal intent and clear violation of the bankruptcy automatic stay. This case since day one has been nothing but

9

trickery, identity theft, retaliation and harassment. And finally, once and for all, the federal courts are going to put a stop to the state's attorney general from harassing me and my family.

So I was working one day and I was arrested on a warrant allegedly for first degree theft for allegedly working while receiving government benefits and I was taken to Snohomish County Jail. I complained to my bankruptcy judge that someone was showing up at my jobsites harassing me about collecting both welfare and working at the same time, so they knew that I was not doing it, we knew I was the victim of identity theft, but did not know who was responsible for it.

After being arrested I finally got a call out to my brother, who contacted the bankruptcy trustee, who had me released within two hours, since she knew that I was not collecting double benefits.

My bankruptcy case trustee was supposed to be sharing information with the state government showing that my income checks were going to the bankruptcy court first for payment of creditors before coming to me, knowing that I was not collecting welfare benefits as well. The

prosecutor's office eventually sent the case to the Attorney General's office to handle for L&I.

Then L&I came at me with an Alford plea offer that they would drop the charges down from first degree theft to false reporting. This prosecutor knew that she did not have a case. On October 27, 2010 this Alford plea ( where I do not agree that I violated any law but plea to take advantage of the prosecution's favorable offer of absolutely no restitution, end of the case, no additional jail time, and only a misdemeanor of False Information to resolve all this was all completed in open court, except that at time, I did not have documentation with me showing L&I discharge and bankruptcy and in any case I did not owe restitution because the plea accepted by the judge on October 27, 2010 was an Alford plea specifically stating that there was no restitution. After all parties agreed, after leaving court room, I contacted Chapter 13 trustee explaining what happened. She forwarded info to Judge Casselberry's assistant that BECU had already paid back L&I. Judge Casselberry pondered over it for a few days. And exactly 5 days later, he signed off on my plea agreement that there would be no restitution order. He signed on November 1, 2010, but it was filed on November 2, 2010. This is really important: see Statement of Defendant on

11

Plea of Guilty with Judge's signature 5 pages from the end of the document dated 11/1/10. The deal with the prosecutor was that there would be no restitution whatsoever. There was no restitution and the State of Washington had to pay **ME** back. The Department of Social and Health Services took $2,712 of my SSA benefits from me. This money was supposed to be paid back to me as per the plea agreement, though I have never seen any of it. The Department of Labor and Industries owes me $18,658.20 which needs to be returned with interest.

Unfortunately, the Snohomish County Superior Court Clerk's Office erred and failed to strike the restitution hearing that the court had set on October 27, 2010 at the plea hearing, contrary to the court order of 11/1/10 that there was no restitution owing. I then received a notice from the clerk's office that I was behind on my restitution payments. I informed them that I do not have any restitution or parole, and all this was discharged in my bankruptcy and none ordered. Two years later, I received a notice saying that I have to show up in Snohomish County before the judge. I tried to explain to the judge that the federal courts had already discharged this, and that he has no jurisdiction over the federal court's decision.

12

Defendants reported the false L and I debt to Equifax and/or Transunion and/or Experian and this defamed me and harmed my credit.

Tienney Milnor, WA Asst.AG, is liable for harassment, trickery, and slander. She and Labor and Industries acted in conspiracy with my union and employers making a very gross violation of my constitutional rights and protections with malice and must be sanctioned. She told the Snohomish County Superior Court she would not follow the bankruptcy discharge and represented to the court that I refused to pay restitution when I was in 100% compliance with the federal bankruptcy court monthly payments. The Snohomish County clerk's office restitution department told me that they would not honor the federal bankruptcy discharge because the only discharge order they had received did not have a judge's signature on it, but instead was typed in, as is the practice in bankruptcy court per court rule. She said that anyone can get on a computer and get something that looks like a bankruptcy court order. I called my bankruptcy Trustee and had her call the court to confirm that this truly indeed had been given a discharge. The Trustee called me back and told me that the best way to solve this problem is for me to come back to Seattle and I hand-delivered it to the Washington

State AG office in Seattle. They still did not call off the dogs and snubbed their nose at a certified US Western District of WA bankruptcy court order.

L&I's and the union's entrapment and sting illegally setting me up for a job and then going out that day and documenting it and then getting me fired that day by defaming me with the employer and telling them that I was taking L&I and working at the same time at a job they colluded with my union solely to have me employed and immediately fired, completely obstructed my bankruptcy case and any chance for me to recover from bankruptcy with good employment, credit, work history, and without a criminal record for their collusion – their actions together by WA state and my union ruined all of these things and undermined the whole purpose of bankruptcy laws. I have been dragged through the mud and incurred many thousands in expenses and ruination of all the above. I suffered jail for 6 days and then again later for 20 days, and later again, the State with the assistance of my union have caused all of this illegally and vindictively.

During my bankruptcy automatic stay, state employees continually issued summons that were not authorized by a judge and warrants that never issued by a judge. I was

continually harassed by the Snohomish County Prosecutor's Office.

The L&I investigator alleged that I gave false information to my doctor about my ability to work. However, the doctor knew that I was really injured: my jaw had been broken in three places and I had a fractured rib. However, because I did not receive any money from the L&I-run crime victims program, I was forced to go back to work injured. Additionally, L&I violated the automatic stay in my bankruptcy case by continuing to meddle with my employers and show up at job sites in attempts to get me fired so I could not be employed and then I would fail to make my bankruptcy payments to complete my case and follow the judge orders.

**Case Law Regarding the Above Violations of My Rights**

Tower v. Glover, 467 US 914, 81 LE2d 758, 104 SCt 2820 (1984) - Public defenders held not immune from liability in a 1983 action alleging conspiracy with state officials to deprive clients of federal rights. Here, Defendants MILNOR and MELANIE TRATNIK conspired with L and I to deprive me of my rights.

Stokes v. Delcambre, 710 F2d 1120 (5th Cir. 1984) -
Supervisory personnel are subject to liability where
evidence established that they authorized or approved
unconstitutional conduct of the offending officers. Here,
Defendant MELANIE TRATNIK is liable for the acts of
supervised Milnor.

White v. Farrier, 849 F2d 322 (8th Cir 1988) - Supervisory
officers can be held liable under respondeat superior
theory if they fail to train or control subordinates who
cause inmate's injury.


Cameron v. IRS, 773 F2d 126 (1985) - The Attorney General
and IRS agents do not have absolute immunity.

Hill v. Shelander, 924 F2d 1370 (7th Cir. 1991) - Punitive
    damages may be recovered against government
Freedom from malicious prosecution is a federal right
protected by sec. 1983

McIntosh v. Ark. Republican Committee, 816 F2d 409 (8th Cir.
1984) - State troopers, who did not have probable cause to
arrest plaintiff, were not entitled to qualified immunity
from liability in civil rights action based on false
arrest. Malley is similar.

Malley v. Briggs, 475 US 335, 89 LEd2d 271, 106 SCt 1092
(1986)

16

Here, the WA State AGs involved had knowledge of facts and evidence prohibiting their charges and should have disclosed same to the courts and Palmer.

**Brady Violation:**

Williams v. Whitley, 940 F2d 132 (5th Cir. 1993) - Prosecution is deemed to have knowledge of information readily available to it, and failure to provide that information, when exculpatory and when requested by defendant, is a violation of the Brady Rule.

US v. Aichele, 941 F2d 761 (9th Cir. 1991) - To escape Brady sanction disclosure must be made at time when disclosure would be of value to accused.

US v. Rossey, 952 F2d 321 (7th Cir. 1992) - Evidence is "material" under Brady if there is reasonable probability that, had evidence been disclosed to defense, result of proceeding would have been different.

Here, the WA State AGs involved had knowledge of facts and evidence prohibiting their charges and should have disclosed same to the courts and Palmer.

**Civil Rights:**

Bushnell v. Rossetti, 750 F2d 298 (4th Cir. 1984) –
Government prosecutorial power may not be used either to
exact releases of related civil rights claims or to
retaliate for civil prosecution of such claims.

Moore v. Market Place Restaurant Inc., 754 F2d 1336 (7th
Cir. 1985) – In order to recover under Section 1983,
plaintiff must establish two things: deprivation of rights
secured by federal law or the Constitution, and action by
defendant under the color of state law.

Franklin v. Aycock, 795 F2d 1253 (6th Cir. 1986) – Beating
of inmate violated inmate's constitutional rights and was
actionable under federal civil rights law.

Meriwether v. Coughlin, 879 F2d 1037 (2nd Cir. 1989) –
Supervisor liability may be imposed under 1983 when an
official has actual or constructive notice of
unconstitutional practices and demonstrates "gross
negligence" or "deliberate indifference" by failing to act.

Sanders v. English, 950 F2d 1152 (5th Cir. 1992) – False
arrest, illegal detention (false imprisonment) and
malicious prosecution are recognized as causes of action
under 1983.

All of these cases are called into play here.

**Conspiracy:**

US v. Clark, 732 F2d 1536 (11th Cir. 1984) - A defendant may be found guilty of conspiracy even if he or she did not join it until after its inception, and even if it shows an unlawful agreement, knowledge of agreement, and their voluntary cooperation in illegal venture.

Hobson v. Wilson, 737 F2d 1 (D.C. Cir 1984) - A civil "conspiracy" is an agreement between two or more people to participate in an unlawful act in an unlawful manner


**Union Damages and Immediate Reinstatement With All Past Benefits Restored**

I request that the court order Washington and Northern Idaho District Council (P.O. Box 12917 Mill Creek, WA 98082-0917) and Local 292 to immediately reinstate for me all union privileges and restore all retirement benefits I would have received for full time employment and overtime since 4/2/07 ( the date the union told me last week that I was officially thrown out as a union member) and pay a judgment for all my attorney fees associated with union issues , pain and suffering, emotional distress and all other possible damages under any law or court rule, and joint and several with the State of Washington or at least one half of all damages herein with the State of Washington

19

Department of Labor and Industries paying the other one half, for all the reasons stated above.

**Vacate Criminal Case**

I request that the court order the State of WA, AG Department and L and I Department  immediately vacate the conviction for False Information and dismiss the case with prejudice in Snohomish County Superior court Cause number 07-1-00525-5.

Plaintiff was directly and indirectly damaged by the above
actions and inactions.

Plaintiff reserves the right to amend this complaint as new
information is discovered.

**First Cause of Action: Negligence**

Defendant's actions and inactions constitute negligence.

**Second Cause of Action: Defamation**

Defendant's actions and inactions constitute defamation.

20

**Third Cause of Action: Intentional Infliction of Emotional Distress**

Defendant's actions and inactions constitute intentional infliction of emotional distress.

**Fourth Case of Action: Outrage**

Defendant's actions and inactions constitute outrage.

**Fifth Cause of Action: Civil Rights Violation**

Defendant's actions and inactions constitute a violation of the plaintiff's civil rights, including that of privacy, under 42 United States Code 1983.

**Relief REQUESTED**

Plaintiff requests the following relief to be decided by a jury, so demanded here in joint and several liability of all Defendants:

21

Compensatory damages in an amount to be proven at trial by

jury.


Punitive damages pursuant to 42 USC 1983.


Attorneys fees and costs pursuant to 42 USC 1988 and all

applicable state and federal laws and case law and

equity.


For such other and further relief as the Court deems just

and equitable.


DATED THIS 20th day of June, 2019


Gene Palmer, Pro Se
101 S. Pearl Street #103
Ellensburg, WA 98926
Phone: 206-335-7337


COMPLAINT-22