HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GENE PALMER,

    Plaintiff,

v.

TIENNEY MILNOR, et al.,

    Defendants.

Case No. 2:19-cv-00961-RAJ

**ORDER GRANTING MOTIONS TO DISMISS**

### I. INTRODUCTION

On April 16, 2020, after receiving leave to amend weeks earlier, Dkt. # 31, Plaintiff Gene Palmer filed an amended complaint ("Amended Complaint"), Dkt. # 32.[1] What followed were several motions to dismiss filed by several defendants, some joining

---

[1] To be clear, the complaint located at Docket No. 32 is the operative complaint. It is mistitled "Plaintiff's Second Amended Complaint." Dkt. # 32. But it is not, in fact, Mr. Palmer's second amended complaint. It is his first. This misnomer likely occurred when Mr. Palmer filed an "Amended Complaint" without leave, Dkt. # 15, which the Court later struck from the record, Dkt. # 18. Later, when Mr. Palmer was granted leave to amend, he filed this complaint, the operative complaint, and incorrectly named it his "Second Amended Complaint." Dkt. # 32.

ORDER – 1

earlier-filed motions to dismiss. Dkt. ## 34, 35, 58. The Court lists them here.

On May 6, 2020, Defendants Washington and Northern Idaho District Council of Laborers, Laborers' International Union of North America Local 292, Daniel J. Christofferson et al., and Jamie Clark et al. (collectively, "Union Defendants") filed a motion to dismiss. Dkt. # 34. Two days later, on May 8, 2020, several other defendants joined the Union Defendants' motion and moved to dismiss in their own right. Dkt. # 35. Those defendants included Defendants Tienney Milnor and Melanie Tratnik, Washington State Office of the Attorney General, and Washington State Department of Labor and Industries (collectively, "State Defendants"). *Id.* Several months later, on September 14, 2020, Defendant Francis Leaman joined both those motions. Dkt. # 58. Together, the Court refers to Union Defendants, State Defendants, and Mr. Leaman as "Moving Defendants."

Those three motions to dismiss are now before this Court. Dkt. ## 34, 35, 58. Also before this Court is Mr. Palmer's Motion for Continuance of Defendants' Motions to Dismiss. Dkt. # 44. Having considered the submissions of the parties, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary. For the reasons below, the motions to dismiss (Dkt. ## 34, 35, 58) are **GRANTED in part** and Mr. Palmer's Motion for Continuance (Dkt. # 44) is **DENIED**. All remaining pending motions (Dkt. ## 37, 43, 55, 66, 68) are **DENIED as moot**.

## II. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for failure to state a claim. The court must assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Instead, the plaintiff must point to factual allegations that "state a claim to relief

ORDER – 2

that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id*. at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On a motion to dismiss, a court typically considers only the contents of the complaint. However, a court is permitted to take judicial notice of facts that are incorporated by reference in the complaint. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials documents attached to the complaint, documents incorporated by reference in the complaint."); *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) ("[I]t is proper for the district court to 'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of the motion to dismiss.") (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)).

### III.  DISCUSSION

**A.  Motion to Continue Defendants' Motions to Dismiss (Dkt. # 44)**

Under Local Rule 7(j), a motion for relief from a deadline should be filed "sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline." Local Rules W.D. Wash. LCR 7(j). Though a party may seek relief, the party "should not assume that the motion will be granted" and must comply with the deadline unless ordered otherwise. *Id.*

On the day that his responses to Union Defendants' and State Defendants' motions to dismiss to were due, Mr. Palmer filed a motion for a continuance. Dkt. # 44. He sought to extend his response deadline by over a month. *Id.* He explained that there was good cause because he had recently undergone surgery for his cancer. *Id.* The Court construes Mr. Palmer's motion for a continuance as a motion for relief from a deadline.

Surely, the Court is sympathetic to Mr. Palmer's condition, but relief from his response deadline is inappropriate. The motion for relief was not filed sufficiently in

ORDER – 3

advance of the deadline; it was filed on the deadline. Dkt. # 44. And given the circumstances, the Court cannot find good cause. Mr. Palmer has long been on notice of Union Defendants' arguments. Though the current version of Union Defendants' motion to dismiss was filed in May 2020, a nearly identical version was filed several months earlier in February 2020. Dkt. # 24. The previous version was mooted when this Court granted leave to amend. Dkt. # 31. But when Union Defendants renewed their motion to dismiss, the new motion was largely unchanged from the previous version. It raised the same principal challenges as before, arguing that Mr. Palmer's claims were barred by statutes of limitations and the *Rooker-Feldman* doctrine. Mr. Palmer was thus aware of Union Defendants' arguments for almost four months before seeking this extension. Lastly, as a practical matter, it has been more than nine months since Union Defendants and State Defendants filed their motions to dismiss. In that time, Mr. Palmer has not filed a response or otherwise challenged their arguments at all. Mr. Palmer's motion for relief from a deadline is **DENIED**. Dkt. # 44.

### B. Extrinsic Evidence

In ruling on a Rule 12(b)(6) motion, a court may not consider any material beyond the pleadings. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). If it does, it must normally convert the motion to dismiss into one for summary judgment under Rule 56. *Ritchie*, 342 F.3d at 907 (9th Cir. 2003); *see also* Fed. R. Civ. P. 12(d). A court may, however, consider certain materials without making such a conversion, such as documents incorporated by reference into a complaint or matters of judicial notice. *Ritchie*, 342 F.3d at 907.

Moving Defendants seek to dismiss the Amended Complaint under Rule 12(b)(6). Dkt. ## 34, 35, 58. In support of their motions, they introduce copious extrinsic evidence. Dkt. ## 34-1, 34-2. The evidence includes subpoenas, declarations, state court filings, and state agency correspondence. *Id.* Yet the Moving Defendants ask the Court to consider this evidence without converting the motions to dismiss into motions for

ORDER – 4

summary judgment, claiming that the evidence "forms the basis" of and is "integral to" Mr. Palmer's claims and is thereby incorporated by reference. Dkt. # 34 at 22-24. But this view would stretch the incorporation-by-reference doctrine much too far.

"[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Ritchie*, 342 F.3d at 907-08. This prevents plaintiffs from selecting only beneficial portions of documents, while omitting harmful portions. *Khoja*, 899 F.3d at 1002. Examples of incorporated documents might include an allegedly defamatory picture and caption in a case about defamation, an insurance contract in a case about insurance coverage, or SEC filings in a case about stock fraud. *See id.*; *see also Ritchie*, 342 F.3d at 908. In such instances, incorporation is proper "because the claim necessarily depend[s]" on those documents. *Khoja*, 899 F.3d at 1002.

Mr. Palmer's § 1983 and state law tort claims do not necessarily rely on any of Moving Defendants' evidence. In pleading his claims, Mr. Palmer does not rely on any particular document, as he might in, say, a breach of contract claim. Nor does he excerpt self-serving portions of a larger document, while omitting damaging portions from that same document. Moving Defendants are offering this evidence, then, not to provide material already relied on or referenced in the complaint but to add extra facts for the Court to consider, ultimately buttressing their defense.

For example, Mr. Palmer claims that certain Union Defendants and State Defendants improperly coordinated to obtain Mr. Palmer's "private information without a warrant." Dkt. # 32 ¶ 3.15. In their motions to dismiss, Moving Defendants seek to incorporate an affidavit of probable cause from Mr. Palmer's underlying criminal case explaining how and why that coordination occurred. Dkt. # 34 at 4-5; Dkt. # 34-1 at 9-

ORDER – 5

11. Given Mr. Palmer's confusing complaint, the affidavit may indeed be illuminating. It may well provide the Court with much needed context and clarity. But it was certainly not incorporated by reference and is certainly inappropriate to consider on a motion to dismiss.

The Court cannot consider the affidavit and evidence like it without converting the instant motions to dismiss into motions for summary judgment. The Court will not do so, in part because that is what Moving Defendants expressly requested and in part because the federal rules would require that Mr. Palmer have been given a "reasonable opportunity to present all the material fact that is pertinent to the motion" before the Court did so, which would not have been the case here. Fed. R. Civ. P. 12(d)

Incorporation by reference is but one way a court may look outside a complaint without converting a motion to dismiss into a motion for summary judgment. Another is through judicial notice. A court may, for example, take notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). But a court must not take judicial notice "so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it." *M/V Am. Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983). Thus, when a court takes judicial notice of another court's opinion, it must not do so "for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Lee*, 250 F.3d at 690 (quoting *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426-27 (3rd Cir. 1999)) (noting that a court may take judicial notice of "matters of public record," such as the fact of a court hearing or the fact that a party signed a waiver).

Here, Moving Defendants refer to various cases that Mr. Palmer has been involved in. *See, e.g.*, Dkt. # 34 at 10-12; Dkt. # 35 at 14-22. The Court may indeed take judicial

ORDER – 6

notice of certain facts contained in those cases. And it does so as set forth below.

### C. Statute of Limitations

Mr. Palmer asserts five causes of action, one federal (violation of § 1983), the rest state (negligence, defamation, intentional infliction of emotional distress ("IIED"), and "outrage"[2]). Dkt. # 32 ¶¶ 10-14. For all claims, no statute of limitations exceeds three years.

"A claim may be dismissed as untimely pursuant to a [Federal Rules of Civil Procedure] 12(b)(6) motion 'only when the running of the statute [of limitations] is apparent on the face of the complaint.'" *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (second alteration in original) (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010)). Mr. Palmer's § 1983 claim, negligence claim, and IIED claim are subject to a three-year statute of limitations. *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (§ 1983); *Woods View II, LLC v. Kitsap Cty.*, 352 P.3d 807, 816 (Wash. Ct. App. 2015) (negligence); *Cox v. Oasis Physical Therapy, PLLC*, 222 P.3d 119, 127 (Wash. Ct. App. 2009) (IIED). On the other hand, his defamation claim is subject to a two-year statute of limitations. Wash. Rev. Code Ann. § 4.16.100 (defamation).

Federal law determines when Mr. Palmer's § 1983 claim began to accrue; state law determines when his tort claims began to accrue. *Dunn v. City of Seattle*, 420 F. Supp. 3d 1148, 1158 (W.D. Wash. 2019). That distinction, however, is of little importance here. *Id.* "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). Likewise, under Washington law, "[t]he general rule in ordinary personal injury actions is that a cause of action accrues at the time the act or omission occurs." *Matter of Estates of Hibbard*, 826 P.2d 690, 694 (Wash. 1992). Yet,

---

[2] "'Outrage' and 'intentional infliction of emotional distress' are synonyms for the same tort." *Kloepfel v. Bokor*, 66 P.3d 630, 631 (Wash. 2003).

ORDER – 7

under Washington's "discovery rule," "a cause of action does not accrue until a party knew or should have known the essential elements of the cause of action—duty, breach, causation, and damages." *Green v. A.P.C. (Am. Pharm. Co.)*, 960 P.2d 912, 915 (Wash. 1998). Still, this does not mean that the action accrues when the plaintiff learns that he has a legal cause of action. *1000 Virginia Ltd. P'ship v. Vertecs Corp.*, 146 P.3d 423, 428 (Wash. 2006). Instead, the action accrues "when the plaintiff discovers the salient facts underlying the elements of the cause of action." *Id.*

Based only on the face of the complaint and judicially noticed facts, Mr. Palmer's claims are time-barred. In his Amended Complaint, Mr. Palmer describes the "crux" of this matter as "Snohomish County's involvement to pursue and collect on L[abor] and I[ndustries] claims against him." Dkt. # 32 ¶ 3.1. His description is, admittedly, confusing. From what the Court gathers, Defendant Francis Leaman, a representative of Washington State Department of Labor and Industries, tried to obtain Mr. Palmer's employment records from Mr. Palmer's labor union, Laborers International Union of North America Local 292. *Id.* ¶¶ 3.15-3.16. Mr. Leaman was investigating Mr. Palmer because he believed that Mr. Palmer was collecting certain welfare benefits even though he was employed. *Id.* Mr. Palmer was later arrested. *Id.* ¶ 3.17.

Little as that may be, those are the facts that are clear from Mr. Palmer's complaint. The Court fills in the gaps by taking judicial notice from a decision rendered by the appellate court in Mr. Palmer's criminal case: *State v. Palmer*, 186 Wash. App. 1017 (2015). On March 3, 2007, Mr. Palmer was charged by information with one count of theft in the first degree. Dkt. # 35 at 2-4. Many years later, on October 27, 2011, the government filed an amended information charging Mr. Palmer with one count of false information by a claimant. *Id.* That same day, Mr. Palmer pleaded guilty. *Id.* The trial court set a restitution hearing to begin two weeks later, on November 10, 2011. *Id.* At the hearing, the court ordered Mr. Palmer to pay restitution. *Id.* Nearly two years later, on May 3, 2013, the clerk of the superior court filed a "declaration and notice of

ORDER – 8

community supervision violation and affidavit of probable cause," claiming that Mr. Palmer had not paid restitution. *Id.* In October 2013, there was a hearing to address Mr. Palmer's failure to pay restitution. *Id.* After that, the court entered an order, and Mr. Palmer appealed. *Id.*

This chronology makes clear: all statutes of limitations have long since expired. Mr. Palmer began this action on June 20, 2019. Dkt. # 1. The "crux" of his complaint—the Department of Labor and Industries' investigation of him and his union's involvement—clearly began sometime around March 3, 2007, when Mr. Palmer was charged. That is more than a decade before he brought this action. The farthest-reaching statute of limitations here is three years. Even if the Court assumed that Mr. Palmer's claims began to accrue when the Washington Court of Appeals affirmed his criminal conviction, arguably when the saga ended, that would be March 9, 2015, more than four years before this action was brought. The Court need not pinpoint exactly when each of Mr. Palmer's claims accrued because the Court can find no event in the Amended Complaint that occurred within the three-year or two-year statutes of limitations window at all. And the Court has no reason to think that the statutes should be tolled.

Drawing all reasonable inferences in Mr. Palmer's favor, the Court determines that his claims are time-barred. Because this issue is dispositive, the Court need not reach the Moving Defendants' other arguments at this time.

## IV.  CONCLUSION

For the reasons stated above, the Court **GRANTS in part** Moving Defendants' motions to dismiss (Dkt. ## 34, 35, 58), **DENIES** Mr. Palmer's Motion to Continue Defendants' Motions to Dismiss (Dkt. # 44), and **DENIES as moot** all remaining motions (Dkt. ## 37, 43, 55, 66, 68). Mr. Palmer's Amended Complaint is dismissed.

ORDER – 9

The Court grants Mr. Palmer leave to file an amended complaint **within thirty days** of the entry of this Order.

DATED this 9th day of February, 2021.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 10