UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GENE ALFRED PALMER, II,<br><br>Plaintiff,<br>v.<br><br>TIENNEY MILNOR, *et al.*,<br><br>Defendant. | CASE NO. 19-0961-LK<br><br>ORDER GRANTING MOTIONS TO DISMISS; GRANTING IN PART MOTION FOR ORDER PROHIBITING CONTACT |

## I.   INTRODUCTION

This matter came before the Court on motions to dismiss filed by the remaining Defendants,[1] Washington and Northern Idaho District Council of Laborers, Laborers' International Union of North America Local 292 (collectively, the "Union Defendants"), Tienney Milnor, Melanie Tratnik, Francis Leaman, Washington State Office of the Attorney General, and Washington State Department of Labor and Industries (collectively, the "State

---

[1] Movants also included Snohomish County Prosecutor's Office; Snohomish County Sheriff's Department; Daniel J. Christofferson, his wife, and their marital community; Jamie Clark, her husband, and their marital community; and Noel McMurtray, his wife, and their marital community; but these defendants were subsequently dismissed from the case for failure to prosecute. Dkt. 107.

ORDER GRANTING MOTIONS TO DISMISS; GRANTING IN PART MOTION FOR ORDER PROHIBITING CONTACT - 1

1   Defendants"), and Snohomish County. Dkt. Nos. 78, 80, 89.

2       The Court has considered the motions and the balance of the record, including the
3   multiple documents Plaintiff filed after Defendants filed their motions to dismiss. Dkt. Nos. 101,
4   103, 106, 108, 109, 119, 121. For the reasons set forth below, the Court GRANTS the motions to
5   dismiss without further leave to amend.

6       The Court also GRANTS IN PART the motion filed by the State Defendants for an order
7   directing Plaintiff to cease contact with the State Defendants, Dkt. No. 105 at 1-2, and DENIES
8   Plaintiff's Motion to Vacate Dismissal of Defendants and Consolidate Cases, Dkt. 121, as moot.

9       **II.    BACKGROUND**

10      Plaintiff, who is proceeding pro se, filed this case in June 2019 against the Defendants.
11  Dkt. No. 1. The Court subsequently granted Plaintiff's motion to amend his complaint, and
12  Plaintiff filed an amended complaint. Dkt. Nos. 31, 32.

13      **A. The Prior Order of Dismissal**

14      Defendants moved to dismiss the amended complaint. Dkt. Nos. 34, 35, 58. The Court
15  granted those motions to dismiss, holding that Plaintiff's allegations were time barred. Dkt. No.
16  74. The Court noted that Plaintiff asserted five causes of action, including a violation of 42
17  U.S.C. § 1983, and state law torts including negligence, defamation, intentional infliction of
18  emotional distress, and "outrage." *Id.* at 7.

19      In its order of dismissal, the Court noted that Plaintiff's amended complaint stated that
20  the "crux" of the matter was Snohomish County's "'involvement to pursue and collect on
21  L[abor] and I[ndustries] claims against [Mr. Palmer].'" Dkt. No. 74 at 8 (quoting Dkt. No. 32 at
22  ¶ 31. Plaintiff further alleged that Snohomish County's collection attempts were unlawful
23  because his "L and I debt" was discharged in bankruptcy. Dkt. 32 at 3-11. Despite this alleged
24  discharge of debt, Defendant Francis Leaman, a representative of Washington State Department

of Labor and Industries, tried to obtain Plaintiff's employment records from his labor union, presumably because Mr. Leaman believed that Plaintiff was collecting L&I benefits even though he was employed. Dkt. No. 74 at 8. Plaintiff was later arrested. *Id.*

In the order of dismissal, the Court also noted that while the allegations in the amended complaint were scant, Plaintiff's criminal history filled in some of the details: in 2007, Plaintiff was charged by information with one count of theft in the first degree. Dkt. No. 74 at 8 (citing *State v. Palmer*, 186 Wash. App. 1017 (2015)). Plaintiff pled guilty and was ordered to pay restitution, but he did not. *Id.* The Affidavit of Probable Cause charged Plaintiff with first degree theft by deception and first degree theft by welfare fraud for applying for and receiving L&I benefits while working for various employers between June 2005 and February 2006. Dkt. No. 34-1 at 9.

That Court held that the longest statute of limitations applicable to Plaintiff's claims was three years. Dkt. No. 74 at 9. Because Plaintiff alleged conduct that began in March 2007 and ended no later than March 2015, and because there was no basis to toll any statute of limitations, "all statutes of limitations have long since expired." *Id.*[2] The Court granted Plaintiff leave to file an amended complaint. *Id.* at 10.

### B. Second Amended Complaint and Subsequent Motions

After the Court granted the motions to dismiss, Plaintiff filed his second amended complaint (the "SAC"), which is now the operative complaint. Dkt. No. 77. Many of Plaintiff's allegations in the SAC are identical to or essentially the same as the allegations in his now-dismissed amended complaint. He continues to allege that the "crux" of the matter is Snohomish

---

[2] Plaintiff appealed the dismissal and some of the Court's prior orders to the Ninth Circuit Court of Appeals, which dismissed his appeal for lack of jurisdiction because the district court had not issued any orders that were final or appealable. Dkt. Nos. 110, 113.

ORDER GRANTING MOTIONS TO DISMISS; GRANTING IN PART MOTION FOR ORDER PROHIBITING CONTACT - 3

County's attempt to collect on the overpayment in L&I benefits to him despite what he believes was a stay and discharge of that debt through his bankruptcy proceedings. Dkt. No. 77 at ¶ 3.1, ¶ 3.2. As for the State Defendants, Plaintiff alleges that Leaman investigated the L&I issue, including attempting to obtain employment records from Plaintiff's labor union; Milnor represented the State against Plaintiff's appeal; and Tratnik was Milnor's supervisor. *Id.* at ¶¶ 1.2, 1.3, 3.13-3.16, 3.20, 3.25. Plaintiff alleges that the Union Defendants violated his due process rights, violated his rights as a whistleblower, and defamed him. *Id.* at 22-24. Plaintiff also alleges that his "conviction for False Information" should be vacated because he is a citizen of the Cherokee Nation and was living on the Tulalip Indian Reservation at the time of the conviction. *Id.* at 14, 18. With the exception of the last sentence in paragraph 3.4 and new paragraph 3.26, the allegations in the first 15 pages of the SAC are identical to those in Plaintiff's prior complaint that the Court dismissed. *Compare* Dkt. No. 32 *with* Dkt. No. 77.

From there, the SAC proceeds to a section titled "Plaintiff Allegations About Statute of Limitations and Additional Explanation of Claims." In this section of the SAC, Plaintiff requests that the court (1) enforce a default judgment in a bankruptcy matter from 2015; (2) "enter a judgment against Snohomish County for $250,000 for violating the public disclosure act" by failing to provide information in response to a "Public Disclosure Request" from 2015; (3) "issue a restraining order forbidding [Defendants] from contacting [Plaintiff] in any way other than by mail"; and (4) vacate the Snohomish County criminal matter from 2007 due to the Supreme Court's decision in *McGirt v. Oklahoma*. Dkt. 77 No. at 16-19. Plaintiff also appears to allege malicious prosecution for the 2007 Snohomish County criminal matter. *Id.* at 19. Finally, pages 26 through 29 of the SAC contain demands that Jenny Durkan and the United States—who are not named as defendants in the complaint—replace Plaintiff's home.

ORDER GRANTING MOTIONS TO DISMISS; GRANTING IN PART MOTION FOR ORDER PROHIBITING CONTACT - 4

   On July 21, 2021, the Court dismissed some of the Defendants without prejudice because Plaintiff failed to serve them as required by Federal Rule of Civil Procedure 4(m). Dkt. No. 107 (dismissing Defendants Snohomish County Prosecutor's Office, Snohomish County Sheriff's Department, Daniel J. Christofferson, his wife, and their marital community, Jamie Clark, her husband, and their marital community, and Noel McMurtray, his wife, and their marital community). On August 19, 2021, Plaintiff filed a declaration from an employee of ABC Legal Services stating that substitute service was performed on Jamie Clark on September 15, 2020, and on Snohomish County Risk Manager, Snohomish County Prosecutor's Office, and Snohomish County Sheriff's Office on September 11, 2020. Dkt. No. 109.[3]

   The remaining Defendants all filed motions to dismiss the SAC. Dkt. No. 78 (Snohomish County), Dkt. No. 80 (District Council of Laborers Washington and Northern Idaho), Dkt. No. 89 (the State Defendants). Several months later, the Department of Labor & Industries filed an emergency motion for an order prohibiting Plaintiff from continuing alleged threatening conduct towards individual State Defendants and from contacting individual State Defendants. Dkt. 105. On January 31, 2022, Plaintiff filed a motion to vacate the Court's July 21, 2021 dismissal of certain defendants and to consolidate *Palmer v. King County et al.*, C19-1777-RSL—which was dismissed with prejudice in July 2021—with this case. Dkt. 121; *see also Palmer v. King County et al.*, Case No. C19-1777-RSL, Dkt. No. 76 (W.D. Wash. July 19, 2021). This Order addresses all five motions.

---

[3] In the same submission, Plaintiff attached this District's General Order 02-02, in which the Court continued hearings and trial dates that were scheduled to occur before June 1, 2020. *Id.* The Court did not alter any deadline for effecting service in General Order 02-02. Under Federal Rule of Civil Procedure 4(m), the deadline for serving Defendants was July 15, 2020.

ORDER GRANTING MOTIONS TO DISMISS; GRANTING IN PART MOTION FOR ORDER PROHIBITING CONTACT - 5

### III. DISCUSSION

#### A. Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for failure to state a claim. The court must assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Instead, the plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

#### B. Motions to Dismiss

##### 1. The Government Defendants' Motions to Dismiss

Because the motions to dismiss filed by Snohomish County and the State Defendants assert similar arguments, the Court addresses them together. Those Defendants argue that the Court should dismiss the SAC (1) under Federal Rule of Civil Procedure ("FRCP") 12(b)(5) because Plaintiff failed to timely serve Defendants; (2) under 12(b)(6) because Plaintiff failed to timely file the SAC and failed to state a claim upon which relief can be granted; (3) because the Court has already dismissed various claims as time-barred; and (4) Plaintiff's new claims are time-barred, barred by the *Rooker-Feldman* doctrine, barred by immunity, or belong in a different forum.

a. *Plaintiff's substantially identical claims*

"If the district court determines the amended complaint is substantially the same as the initial complaint, the district court is free to follow the same reasoning and hold that the amended claims suffer from the same legal insufficiencies." *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1043 (9th Cir. 2018). Here, the first 15 pages of the SAC are mostly identical to Plaintiff's prior, dismissed complaint. Pages 16 to 17 of the SAC are identical to the declaration Plaintiff submitted to the Court in January 2021.

In responding to Defendants' motions to dismiss, Plaintiff argues that Section 1983 does not contain a statute of limitations, so his claim is timely. Dkt. No. 101 at 5. The Court has already held that Section 1983 contains a three-year statute of limitations that bars Plaintiff's Section 1983 claim seeking damages based on his allegedly wrongful conviction or on Defendants' conduct. Dkt. 74 at 7-9. That holding is the law of the case, and Plaintiff has not identified any reason to alter that ruling.

Plaintiff's Section 1983 claim is also barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that a court must dismiss a Section 1983 claim if (1) it seeks to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" and (2) the plaintiff cannot show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Because Plaintiff's state court conviction has not been invalidated, he cannot bring a Section 1983 claim for damages based on that conviction.

For the same reasons the Court provided in its order dismissing Plaintiff's earlier complaint, the claims in the first 15 pages of the SAC—with the exception of the request for relief in paragraphs 9 and 9.1—are dismissed. The Court addresses Plaintiff's new arguments

ORDER GRANTING MOTIONS TO DISMISS; GRANTING IN PART MOTION FOR ORDER PROHIBITING CONTACT - 7

with respect to his request to vacate his 2007 conviction (SAC ¶¶ 9, 9.1), along with his other requests for relief, below.

                b.  *Plaintiff's request that the Court vacate his 2007 conviction in light of* McGirt v. Oklahoma.

Plaintiff argues that his 2007 conviction should be vacated under the Supreme Court's opinion in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), because he is a citizen of the Cherokee Nation and was living on the Tulalip Tribes reservation when he was charged with two crimes under Washington State law. Dkt. 77 at 16-19.

Regardless of the merits of Plaintiff's arguments regarding *McGirt*, the *Rooker-Feldman* doctrine precludes Plaintiff, who is not in custody, from challenging his state court conviction in this Court. "[P]ursuant to the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to hear direct or 'de facto' appeals from the judgments of state courts." *Fowler v. Guerin*, 899 F.3d 1112, 1119 (9th Cir. 2018). "'It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court.'" *Id.* (quoting *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003)); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (holding that the *Rooker-Feldman* doctrine barred plaintiff's claim because the relief sought "would require the district court to determine the state court's decision was wrong and thus void"). *Rooker–Feldman* applies where "the plaintiff in federal court claims that the state court did not have jurisdiction to render a judgment." *Doe v. Mann,* 415 F.3d 1038, 1042 n.6 (9th Cir. 2005). Here, Plaintiff's request that this Court vacate his 2007 conviction because the state court allegedly lacked jurisdiction is a forbidden de facto appeal under *Rooker-Feldman* because it is inextricably intertwined with the Superior Court's order. Specifically, Plaintiff's claim "succeeds only to the extent that the state court wrongly decided the issues before it" and

ORDER GRANTING MOTIONS TO DISMISS; GRANTING IN PART MOTION FOR ORDER PROHIBITING CONTACT - 8

"federal relief can only be predicated upon a conviction that the state court was wrong." *Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012) (cleaned up).

To the extent that Plaintiff has alleged that the State Defendants engaged in fraud in the state court proceedings, *see* Dkt. No. 77 at 30, it does not save Plaintiff's claim. It is true that the *Rooker-Feldman* doctrine does not apply when a plaintiff alleges that an adverse party in a state court proceeding committed extrinsic fraud that caused the state court to rule for that adverse party. *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1141 (9th Cir. 2004). "Extrinsic fraud on a court is, by definition, not an error by that court. It is, rather, a wrongful act committed by the party or parties who engaged in the fraud." *Id*. To make out a claim for extrinsic fraud, therefore, a plaintiff must allege plausibly how he was prevented from presenting his claims in state court. *Id.* at 1140; *see also Nguyen v. Lucky*, 775 F. App'x 922 (9th Cir. 2019) (affirming dismissal of plaintiff's claim under the *Rooker-Feldman* doctrine where plaintiff "did not allege facts sufficient to show that an adverse party committed an extrinsic fraud on the state court"). Here, Plaintiff has not alleged that an act or omission of the State Defendants somehow prevented him from asserting that the state court lacked jurisdiction.[4] Furthermore, *McGirt* did not change criminal jurisdiction in Indian Country, including the Tulalip Indian Reservation.[5] State jurisdiction as it relates to crimes on the Tulalip Indian Reservation has been unchanged since 2000 when the United States accepted retrocession of partial criminal jurisdiction over the

---

[4] Nor did the State Defendants prevent Plaintiff from asserting the "crux" of his claims in state court. The Court takes judicial notice of the fact that in 2015, the Supreme Court denied Plaintiff's petition for review of his 2007 criminal case. *See State v. Gene Alfred Palmer*, Snohomish County Superior Court Cause No. 07-1-00525-5, Dkt. No. 192; *see also* Dkt. No. 89-1 (Washington Court of Appeals Decision). The Court of Appeals decision reflects that Plaintiff raised his "flawed legal analysis that restitution was dischargeable in bankruptcy" in the state court proceedings. Dkt. No. 89-1 at 89.

[5] Contrary to Plaintiff's assertions, the Supreme Court in *McGirt* did not "vacate[] all rulings regarding Indian reservation Defendants in State Courts." *Id.* at 18. Rather, the Court held that the Muscogee (Creek) Nation's reservation had not been disestablished, and therefore long-established law regarding criminal jurisdiction in Indian Country applied to the crimes at issue in the case. *McGirt*, 140 S. Ct. at 2462-74, 2478.

Tulalip Tribes. 65 Fed. Reg. 75,948 (Dec. 5, 2000); 65 Fed. Reg. 77,905 (Dec. 13, 2000). Therefore, Plaintiff's claim is barred by the *Rooker-Feldman* doctrine.

         c. *Plaintiff's request that the Court enforce an alleged default judgment*

In response to Plaintiff's request that this Court enforce a default judgment he claims to have obtained from a bankruptcy court in 2015, Snohomish County argues that the Court does not have jurisdiction to do so. Dkt. No. 77 at 16. Plaintiff has not responded to that argument.

This issue is not new, however; Plaintiff raised it to the Court before the Court issued its motion to dismiss. Dkt. No. 73. Therefore, the SAC's reference to the alleged default judgment is not an amendment that states a new claim or allegation not previously before the Court when it dismissed the amended complaint.

Regardless, Plaintiff has not met his burden to show that the Court has jurisdiction to enforce the alleged judgment.[6] As Snohomish County correctly notes, the bankruptcy court retains jurisdiction to enforce its judgment or adjudicate any alleged violation of it, and since the bankruptcy case was closed in 2017, nothing has occurred that would bring it within this Court's jurisdiction. *See, e.g., In re Sherman*, 491 F.3d 948, 967 (9th Cir. 2007); *Cline v. First Nationwide Mortg. Corp. (in Re Cline)*, 282 B.R. 686, 690 (W.D. Wash. 2002) (explaining that the court that enters a discharge order is in a better position "to adjudicate the alleged violation, assess its gravity, and on the basis of that assessment formulate a proper remedy.") (cleaned up). Accordingly, Plaintiff has not established the Court's jurisdiction over that claim or stated a new claim.

---

[6] While the Court can take judicial notice of filings on government websites, the default judgment is not on the bankruptcy court's website, as Plaintiff concedes, and it does not appear that Plaintiff has filed it with this Court.

ORDER GRANTING MOTIONS TO DISMISS; GRANTING IN PART MOTION FOR ORDER PROHIBITING CONTACT - 10

        d. *Plaintiff's request that the Court issue a restraining order limiting contact from Defendants*

In his second amended complaint, Plaintiff states that he is "of Indian descent" and "the Defendants continue to harass me because of my ethnicity and religious beliefs and my sovereignty and I want you to issue a restraining order forbidding them from contacting me in any way other than by mail." Dkt. No. 77 at 17. Those allegations do not state a claim. Plaintiff does not state which of the numerous Defendants harassed him based on his ethnicity, religious beliefs, or sovereignty, or how they allegedly did so. Plaintiff's conclusory assertions, without more, are insufficient to state a claim for liability pursuant to § 1983. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. Therefore, Plaintiff has failed to state a claim for harassment.

        e. *Plaintiff's malicious prosecution claim*

In the SAC, Plaintiff appears to assert a malicious prosecution claim. Dkt. No. 77 at 19-22. The statute of limitations for claims of malicious prosecution is three years from the date the prosecution terminated. Wash. Rev. Code § 4.26.080(2); *Nave v. City of Seattle*, 415 P.2d 93 (Wash. 1966). Even assuming Plaintiff's prosecution did not end until 2015, which is the latest possible date, *see* Dkt. No. 89-1, he did not file this case until more than three years later, rendering the malicious prosecution claim time-barred.

        f. *Plaintiff's Public Records Act claim*

Snohomish County correctly argues that Plaintiff's new claim under the Public Records Act ("PRA") is also time-barred. Under Section 42.56.550(6) of the Revised Code of Washington, actions seeking judicial review of a Public Records Act matter "must be filed within one year of the agency's claim of exemption or the last production of a record on a partial or installment basis." Plaintiff alleges that he requested records from Snohomish County on June 1, 2015, and that he was not provided with "any information." Dkt. No. 77 at 17. Assuming, as

ORDER GRANTING MOTIONS TO DISMISS; GRANTING IN PART MOTION FOR ORDER PROHIBITING CONTACT - 11

the Court must for purposes of this motion, that Plaintiff made a request at that time, the statute of limitations began to run in 2015 when Snohomish County failed to respond, but Plaintiff did not file this action until 2019. Therefore, his PRA claim is untimely and must be dismissed.

For all of those reasons, the Court grants Snohomish County's and the State Defendants' motions to dismiss.

2. The Union Defendants' Motion to Dismiss

The Union Defendants argue in their motion to dismiss that, with the exception of adding their attorney, Noel McMurtray, as a defendant, the SAC merely reiterates Plaintiff's claims against the Union Defendants that the Court has already dismissed as time barred. Plaintiff has not responded to that argument. The Court finds that for the most part, the SAC reiterates the same claims against the Union Defendant that the Court previously dismissed. *Compare* Dkt. No. 32 at 15-16 *with* Dkt. No. 77 at 15, 30. Therefore, the Court dismisses Plaintiff's claims against the Union Defendants as time barred for the same reasons previously set forth by the Court.

Plaintiff makes additional allegations regarding what he refers to as "my whistleblower case with WA L&I and Laborers Local 292." Dkt. No. 77 at p. 22. Those allegations are difficult to follow and appear to simply recite decisions by the U.S. Bankruptcy Court in Seattle and by the Board of Industrial Insurance in 2010, well before the statute of limitations ran. The allegations are also devoid of specifics and fail to state a claim.

Plaintiff also alleges that McMurtray defamed him within the statute of limitations period. Dkt. No. 77 at ¶ 3.26. However, the Court has dismissed the claims against McMurtray, his wife, and their marital community because Plaintiff did not serve them as required by Federal Rule of Civil Procedure 4(m). Dkt. No. 107. There is no evidence in the record that Plaintiff subsequently served them, and he has not requested additional time to do so or demonstrated good cause for his failure to serve them. Having found that dismissal is warranted, the Court

ORDER GRANTING MOTIONS TO DISMISS; GRANTING IN PART MOTION FOR ORDER PROHIBITING CONTACT - 12

does not reach the Union Defendants' additional arguments and grants the Union Defendants' motion to dismiss.

### C. Leave to Amend

Because Plaintiff is proceeding pro se, the Court considers whether to grant him leave to amend even though he has not requested that opportunity. The Court has already granted Plaintiff leave to file an amended complaint and a second amended complaint. Dkt. Nos. 31, 74. Leave to amend can be denied due to "repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court declines to grant Plaintiff further leave to amend because he has already filed two amended complaints, neither of which remedied the deficiencies with his claims or stated a timely claim upon which relief may be granted. Further amendment would not cure the deficiencies, and the Court declines to grant further leave to amend.

### D. Motion for Order Prohibiting Contact

The State Defendants seek an order directing Plaintiff "to limit communications to the undersigned counsel, to immediately cease contact with individually-named defendants, and to immediately cease [his] threatening conduct." Dkt. No. 105 at 1-2. The motion is based on their allegation that on June 30, 2021, Plaintiff directly contacted Defendant Francis Leaman and advised that: (1) he was related to a federal judge who ordered that Defendants pay him the funds demanded in Palmer's Complaint filed in this case; (2) that he intended to "beat up" Defendant Assistant Attorney General Tienney Milnor; (3) that he had family who worked in the federal court system assisting him to look up addresses and contact information for individually-named defendants; (4) that he has served prison time for murder; (5) that he intended to "beat up" and kill Seattle Mayor Jenny Durkan's wife; and (6) that he was "coming for" Defendant Leaman

and that Defendant Leaman should be scared. Dkt. No. 105 at 4. Plaintiff did not respond to the motion.

A federal court possesses the inherent power to regulate litigants' behavior. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 43-44 (1991). In the Court's experience, it is best practice for pro se plaintiffs to communicate directly with opposing counsel rather than with defendants. The practice promotes efficiency, avoids potential annoyance, confusion, undue burden, or harassment toward defendants, and prevents inappropriate communications between the parties. *See, e.g., Murphy v. Wilhelm*, No. 3:19-CV-01733-AC, 2021 WL 799307, at *2–4 (D. Or. Mar. 2, 2021) (ordering that defendant not directly communicate with any party in this case that is represented by counsel where defendant's emails to such parties were "accusatory, sometimes threatening, and always couched in an inappropriate and unprofessional tone"). The Court will therefore grant in part Defendants' motion. Specifically, Plaintiff may not contact any individually-named defendant about the present case without permission from those defendants' counsel. Plaintiff may only communicate about the present case with counsel representing the individually-named defendants, Gauri Shrotriya Locker.[7] Should Plaintiff have a legitimate need to interact with the individually-named defendants about the present case, he is ordered to do so through the undersigned counsel, and in no other manner.

**E. Motion to Vacate July 2021 Dismissal and Consolidate Previously Dismissed Case**

Given this Court's dismissal of Plaintiff's claims, the Court DENIES as moot Plaintiff's motion to vacate the Court's July 2021 dismissal of certain defendants and to consolidate *Palmer v. King County et al.*, C19-1777-RSL with this case. Dkt. No. 121.

---

[7] Because the written record is sufficient, the Court declines to order argument regarding the State Defendants' motion for an order prohibiting contact.

ORDER GRANTING MOTIONS TO DISMISS; GRANTING IN PART MOTION FOR ORDER PROHIBITING CONTACT - 14

### IV.  CONCLUSION

For all of the foregoing reasons, the Court:

1. GRANTS Defendants' motions to dismiss, Dkt. Nos. 78, 80, 89, and dismisses Plaintiff's claims with prejudice and without further leave to amend;

2. GRANTS IN PART the State Defendants' Motion for an Order Prohibiting Contact, Dkt. No. 105; and

3. DENIES Plaintiff's Motion to Vacate Dismissal of Defendants and Consolidate Cases, Dkt. 121.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 10th day of February, 2022.

Lauren King
United States District Judge