UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GENE ALFRED PALMER, II,<br><br>Plaintiff,<br>v.<br><br>TIENNEY MILNOR et al.,<br><br>Defendants. | CASE NO. 19-0961-LK<br><br>ORDER DENYING MOTION TO RE-OPEN CASE, VACATE DISMISSALS, AND ENTER JUDGMENT AGAINST ALL DEFENDANTS |

This matter comes before the Court on Plaintiff Gene Palmer's Motion to Re-Open Case, Vacate Dismissals, and for Entry of Judgments Against All Defendants. Dkt. No. 133. For the reasons set forth below, the Court denies the motion.

## I.   BACKGROUND

Mr. Palmer filed this case pro se in June 2019. Dkt. No. 1. The Court subsequently allowed him to amend his complaint twice. Dkt. No. 122 at 2–3, 13. Defendants moved to dismiss, and on February 10, 2022, the Court granted their motion and dismissed Mr. Palmer's second amended complaint without further leave to amend. *Id.* at 15. The Court entered judgment on the same day. Dkt. No. 123.

1       Mr. Palmer filed an appeal, Dkt. No. 124, and the Ninth Circuit Court of Appeals affirmed the dismissal in October 2023, Dkt. Nos. 131–132. The Ninth Circuit held that this Court properly dismissed Mr. Palmer's claim under 42 U.S.C. § 1983 as time barred, correctly determined that it lacked jurisdiction to vacate Mr. Palmer's state criminal conviction or enforce a judgment in his bankruptcy proceedings, did not err in denying his request for a restraining order against Defendants, and did not err in directing Mr. Palmer not to contact individually named Defendants without permission from their counsel. Dkt. No. 131 at 2–5; *see also Palmer v. Milnor*, No. 22-35214, 2023 WL 6458652, at 1–2 (9th Cir. Oct. 4, 2023).

      On August 6, 2024, Mr. Palmer filed this motion contending that "[a]ll of the defendants . . . are back in the case due to the recent U.S. Supreme Court case holding . . . that claims against the government are not time barred when the government withholds information" and "there is no statute of limitations for violation of constitutional rights by government." Dkt. No. 133 at 2 (first citing *Long v. City of Concord*, 623 F. Supp. 3d 647 (E.D.N.C. 2022), then citing *Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 603 U.S. __, 144 S. Ct. 2440 (2024)). Defendants responded that reopening this case is unwarranted. Dkt. No. 134 at 2–4; Dkt. No. 135 at 1–2; Dkt. No. 136 at 1–2.

      On October 1, 2024, Mr. Palmer filed a Notice of Motion and Hearing Without Oral Argument in which he stated that his motion to reopen the case will be heard by the Court at 1:30 p.m. on October 11, 2024. Dkt. No. 137 at 1.[1] The filing included a document Mr. Palmer dated July 19, 2024, which is different than the document with the same date that he included with his motion to reopen the case. *Compare* Dkt. No. 133 at 2–3, *with* Dkt. No. 137 at 3–4. In his new July 19, 2024 document, Mr. Palmer references his May 12, 2022 letter in which he stated that he

---

[1] Of course, the notice does not dictate when the Court will hear the motion.

ORDER DENYING MOTION TO RE-OPEN CASE, VACATE DISMISSALS, AND ENTER JUDGMENT AGAINST ALL DEFENDANTS - 2

is "seeking $2.5 million" from both the Court and from Defendants' attorney, and if he does not receive that amount, he "will file in federal court" numerous claims against them. Dkt. No. 129 at 1; Dkt. No. 137 at 5. Mr. Palmer notes in his July 19, 2024 letter that he did not receive a response to the May 12, 2022 letter and states that

> [i]f within the next ten days after receipt of this letter you set a motion for judgment against all defendants therein, and these judgments are entered, and all of the judgments are satisfied by payment to me in full by 9/30/2024, I will waive the $2.5 million plus interest of 12% per annum since the 5/12//2022 demand letter enclosed.

Dkt. No. 137 at 3–4. The letter closes by stating that the Court is "not above the Law." *Id.* at 4.

Mr. Palmer also left four voicemails for the Court on August 21, 2024 in relation to this case that included some of the same themes as his newly filed July 19, 2024 letter. Those voicemails stated, among other things, that the Court has "no choice but to reopen this case," criticized this Court's and the Ninth Circuit's decisions in this case, demanded payment "in full," and stated that the Court slandered Mr. Palmer's name "and you're going to pay dearly if you don't fix the problem," explaining that "[t]his ain't a threat. This is a guarantee." Dkt. No. 138 at 3, 5. He continued: "You're going to do what I tell you to do. If you don't, then you're gone. I'm going to ruin your career, and you'll never be a judge, and you'll never practice law ever again, okay. You messed with the wrong man, all of you. So fix the problem. . . . . or go to jail." *Id.* at 5–6. In the third voicemail he reiterated:

> Reopen the case. If you don't, then it's your career that goes down the tubes, end of story. . . . If you don't, then I'm going to take you down because I'm the best. I have put a total of 14 judges in federal prison—and prosecutors. And I'm not . . . dead yet. . . . I'm going to make everybody's life a living hell, I guarantee you that, until people learn. You cannot go around bullying people and think you're going to get away with it because you're not.

*Id.* at 7–8.

ORDER DENYING MOTION TO RE-OPEN CASE, VACATE DISMISSALS, AND ENTER JUDGMENT AGAINST ALL DEFENDANTS - 3

## II.   DISCUSSION

### A.   Mr. Palmer Has Not Supported Reopening the Case

Mr. Palmer does not cite any Local Civil Rule or Federal Rule of Civil Procedure authorizing reopening this closed case. If he intended to file a motion for reconsideration, it is untimely because the Court entered its order and judgment dismissing this case more than two years ago. *See* LCR 7(h)(2) (motions for reconsideration "shall be filed within fourteen days after the order to which it relates is filed"). The same is true if Mr. Palmer intended his motion to be considered under Federal Rule of Civil Procedure 59(e), which requires that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

Mr. Palmer has not supplied facts showing that any of the grounds for relief from a judgment or order in Rule 60(a) or 60(b)(1)–(5) apply, so the Court considers the motion under Rule 60(b)(6), which allows the Court to relieve a party from a final judgment for "any . . . reason that justifies relief." A party seeking relief from a judgment under Rule 60(b) must file the motion "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Otherwise, the motion is not properly before the Court, and the Court lacks jurisdiction to grant it. *See, e.g.*, *AAA Nev. Ins. Co. v. Buenaventura*, 644 F. App'x 775, 776–77 (9th Cir. 2016). Mr. Palmer filed this motion more than two years after the Court dismissed his case. Dkt. Nos. 122, 133. The two cases he cites in his motion were decided approximately six months (*Corner Post*) and two years (*Long*) before he filed this motion, and they are inapplicable in any event as set forth below. The motion is therefore untimely.

Even if the Court had jurisdiction over the motion and it was timely filed, Mr. Palmer's motion does not identify any "extraordinary circumstances" to justify reopening the judgment. *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). Reconsideration under Federal Rule of Civil Procedure 59(e) or 60(b) "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the

initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Mr. Palmer has not presented newly discovered evidence, identified a clear error in the Court's dismissal order, or shown that that order was manifestly unjust.

Furthermore, neither of the two cases Mr. Palmer cites represents a relevant intervening change in the controlling law. Mr. Palmer contends that *Corner Post* held "that there is no statute of limitations for violation of constitutional rights by government." Dkt. No. 133 at 2. But that is not the holding in *Corner Post*. Rather, the Supreme Court held that the six-year statute of limitations under the Administrative Procedure Act ("APA") does not begin to run until the plaintiff is injured by final federal government agency action. *Corner Post*, 144 S. Ct. at 2448. That holding is inapplicable here where Mr. Palmer is not alleging an APA claim against the federal government.

Mr. Palmer also argues that the court in *Long v. City of Concord* held that "claims against the government are not time barred when the government withholds information[.]" Dkt. No. 133 at 2. As the State Defendants note, Mr. Palmer has not alleged that Defendants withheld information, or shown that the North Carolina statute at issue in *Long* is applicable—even by analogy—in this case. *Long*, 623 F. Supp. 3d at 658–59 (construing North Carolina's statute regarding the time limit for presenting a claim against a decedent's estate); *see also* Dkt. No. 134 at 3.

Accordingly, construing Mr. Palmer's filing liberally as a motion pursuant to Local Civil Rule 7 or Federal Rule of Civil Procedure 59(e) or 60(b), the Court denies it.

**B.     Mr. Palmer Has Made Inappropriate Communications to the Court**

Litigants may not engage in abusive behavior, either with the Court, its staff, or opposing parties. "[T]here is strong precedent establishing the inherent power of federal courts to regulate

the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (quoting *Tripati v. Beaman,* 878 F.2d 351, 352 (10th Cir. 1989)). Specifically, the All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. *Id.* These pre-filing orders "may enjoin the litigant from filing further actions or papers unless he or she first meets certain requirements, such as obtaining leave of the court or filing declarations that support the merits of the case." *Weissman v. Quail Lodge, Inc.,* 179 F.3d 1194, 1197 (9th Cir. 1999).

Because such orders can restrict a litigant's right of access to the courts, they are subject to the following procedures: (1) the litigant must be given notice and an opportunity to be heard, (2) the court must compile an adequate record for review that includes a listing of all cases and motions that led the court to conclude that a vexatious litigant order was necessary, (3) the court must make substantive findings as to the frivolous or harassing nature of the litigant's actions, and (4) the order must be narrowly tailored to fit the circumstances. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

Although the Court does not consider Mr. Palmer's May 12, 2022 letter, his July 19, 2024 letter that was filed on October 1, 2024, or his voicemails in resolving the instant motion, Mr. Palmer has violated applicable law. His voicemails are improper ex parte contacts with the Court. Ex parte communications with the Court, including communications with chambers staff, are prohibited, and any attempt in the future to engage in ex parte communications regarding the merits of this case may result in the imposition of sanctions. *See, e.g.*, *Chipman v. Nelson*, No. 2:11-CV-2770-TLN-EFB PS, 2016 WL 3411602, at *1 (E.D. Cal. June 15, 2016). In addition, his statements in his May 12, 2022 and July 19, 2024 letters and his voicemails inappropriately threaten the Court and Defendants' attorney in an attempt to influence the outcome of this case.

Mr. Palmer is hereby notified that further frivolous motions, ex parte contacts, and/or abusive or threatening filings or communications with the Court could result in a bar order or other sanctions.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Palmer's Motion to Re-Open Case, Vacate Dismissals, and For Entry of Judgments Against All Defendants. Dkt. No. 133.

The clerk is directed to send a copy of this Order to Mr. Palmer at his last known address.

Dated this 10th day of October, 2024.

*Lauren King*

Lauren King
United States District Judge